UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINCOLN G. LATHAM JR,<br>Plaintiff,<br>v.<br>DANIELLE WEEKS,<br>Defendant. | Civil Action No. 26-11390-MJJ |

**MEMORANDUM AND ORDER**

**JOUN, D.J.**

Lincoln G. Latham Jr. ("Mr. Latham"), who is representing himself, brings this action against Danielle Weeks ("Ms. Weeks"), whom Mr. Latham identifies in his Amended Complaint as a "Special Fraud Investigator" in the Quincy Office of the Commonwealth's Department of Transitional Assistance ("DTA"), alleging that the DTA is threatening to deprive him of Emergency Aid to the Elderly, Disabled and Children benefits ("EAEDC benefits") of benefits already authorized by a DTA hearing officer. [Doc. No. 14]. Mr. Latham also filed an Application to Proceed without Prepayment of Fees ("Application") to which the Court also refers as a motion for leave to proceed *in forma pauperis* [Doc. No. 13], and a motion for discovery [Doc No. 12]. As set forth below, the Court will ALLOW the *in forma pauperis* motion and dismiss this action.

## I. Motion for Leave to Proceed

Upon review of Mr. Latham's motion for leave to proceed *in forma pauperis* [Doc. No. 13], the Court concludes that Mr. Latham sufficiently demonstrates that he is eligible to proceed without prepayment of the filing fee. Accordingly, the Court GRANTS the motion.

## II. Review of the Amended Complaint

Because Mr. Latham is proceeding *in forma pauperis*, his amended complaint is subject to a preliminary screening under 28 U.S.C.§ 1915(e)(2), which authorizes a federal court dismiss an action in which a plaintiff is proceeding *in forma pauperis* if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Pending this review of Mr. Latham's claims, summonses have not issued and the defendant has not been required to respond.

In conducting this review, the Court liberally construes Mr. Latham's pleading because he is proceeding *in forma pauperis*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

### A. Mr. Latham's Claims

Mr. Latham's statement of his claim is as follows:

> [1]: On 12/26/2025 the DTA Division of Hearing Officer Catherwood APPROVED the plaintiff's Appeal to have EAEDC Benefits RE-INSTATED in Amount of $440 a month for an annual basis of unlimited years without end.
>
> [b]: On 2/19/2026 Defendant Dannielle Weeks assigned a New DTA Division of Hearing Officer Kimberly Lester to attempt to seize the Appellate Funding as Overpayment of Benefits.
>
> [c]: On 3/15/2026 Defendant Ms. Weeks assigned a new DTA Division of Hearing officer Christopher Renaud to seize monthly EAEDC Benefits from plaintiff.
>
> [d]: the Unlawful Seizure of Appellate Funds is a Civil Rights violation of 4th Amendment of U.S. Constitution.

D. 14 at 4.

### B. Letters from the DTA

Mr. Latham submitted letters he received from the DTA as exhibits to his motion for discovery. D. 12-3 through 12-7. According to these documents, on May 14, 2025, Mr. Latham

applied online for EAEDC benefits, and, later that month, provided DTA with statements "purportedly" signed by two medical providers. D. 12-7 at 2. In a notice dated October 9, 2025, DTA informed Mr. Latham that the DTA would stop his EAEDC benefits on October 28, 2025 because he had not verified his disability. D. 12-3. However, the agency also allowed Mr. Latham to submit missing verifications by November 27, 2025. *Id.* Mr. Latham filed an appeal on October 10, 2025. D. 12-7 at 1. On or about November 4, 2025, DTA received a medical provider statement signed by Collen Mee, a licensed mental health counselor. *Id.* at 2.

On December 22, 2025, the appeal hearing took place. *Id.* at 1. On January 7, 2026, the hearing officer issued a decision approving the appeal. *Id.* at 1-4. The hearing officer summarized the DTA's evidence as follows:

> The Department Representative discussed the referral for investigation dated September 5, 2025. The Department Representative provided a detailed chronology of the matter starting with the Appellant's EAEDC application on May 14, 2025. The Department Representative discussed the Department's position that the Appellant submitted a series of forged EAEDC Medical Provider Statements. The Department Representative testified that on November 4, 2025, the Department received a Medical Provide Statement from Colleen Mee, LMHC. The Department Representative confirmed that the Department Representative spoke with Colleen mee, who confirmed signing the MPS. The Department Representative testified that the EAEDC worker was instructed to reinstate the Appellant's EAEDC retroactive to October 28, 2025 (termination date) and no benefits were lost.

*Id.* at 1-2.

The hearing officer concluded, "While the Department correctly terminated EAEDC assistance when the required verification was not received timely, the Appellant submitted verification of disability through submission of the completed Medical Provider Statement signed by Colleen Mee, LMHC prior to the extended deadline." *Id.* at 3. The hearing officer directed the DTA to "rescind the EADC termination notice dated October 9, 2025 and restore EAEDC assistance retroactive to 10/28/2025." *Id.*

On February 19, 2026, the DTA issued Mr. Latham a "Notice of Administrative Disqualification Hearing and Fair Hearing," informing that a hearing would take place on March 26, 2026 "to settle the amount of your overpayment claim at the same time as determining if an Intentional Program Violation (IPV) occurred." ECF 12-5 at 1. The letter also states: "The . . . DTA believes it has enough evidence to show that you intentionally broke program rules one or more times to receive public assistance benefits that you were not entitled to." *Id.* The DTA stated that it had investigated allegations of falsified documents and that it would seek a 6-month disqualification of Mr. Latham from EAEDC benefits and recoupment of $2,528 of the $2,646 in benefits that he received from May 14, 2025 through October 28, 2025. *Id.* at 3. The letter states that Mr. Latham could ask that the rehearing be rescheduled. *Id.* at 1. On April 10, 2026, the DTA issued a second "Notice of Administrative Disqualification Hearing and Fair Hearing," setting a hearing date for May 15, 2026, but otherwise identical to the February 29, 2026 Notice. ECF 12-6 at 1-10.

**C. Discussion**

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To "show that the [plaintiff] is entitled to relief," the complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007). Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*at 679. "Moreover, a district court is not required to accept a complaint's allegation as true if the 'materials incorporated into the complaint refute that very assertion.'" *Better Way Ford, LLC v. Ford Motor Co.*, 142 F.4th 67, 78 (1st Cir. 2025) (quoting *Cheng v. Neumann*, 51 F.4th 438, 445 (1st Cir. 2022)).

When considering Mr. Latham's complaint with the documents he submitted in support his motion for discovery, the Court concludes that Mr. Latham has failed to state a claim upon which relief may be granted. The hearing officer did note in his summary of the evidence that the DTA's position was that, prior to October 28, 2025, Mr. Latham had "submitted a series of forged EAEDC Medical Provider Statements," D. 12-7 at 2, but he did not determine whether Mr. Latham was entitled to receive EAEDC benefits before October 28, 2025. He simply ordered that, in light of the November 4, 2025 verification of disability, Mr. Latham's benefits be restored retroactively to the termination date of October 28, 2025. Nothing in his decision precludes Ms. Weeks or any other employee of the DTA from taking action based on benefits Mr. Latham received prior to October 28, 2025.[1]

That said, the DTA cannot require repayment of benefits or exclude Mr. Latham from the EAEDC program for alleged wrongdoing without due process. The Due Process Clause of the Fourteenth Amendment "requires notice and an opportunity to be heard when a state seeks to deprive a person of a property interest." *Young v. Wall*, 642 F.3d 49, 55 (1st Cir. 2011). But here,

[1] The Court notes that Ms. Weeks is also a defendant in *Latham v. Cole*, C.A. No. 26-11329-JEK (D. Mass.).

Mr. Latham does not allege any facts indicating that he is being deprived of due process with regard to any repayment or penalty that DTA may seek concerning the benefits he received between May 14, 2025 and October 28, 2025. Indeed, the DTA provided Mr. Latham notice of a fair hearing and explained his rights with regard to that hearing. If Mr. Latham is dissatisfied with the final decision of the hearing officer, he may seek judicial review of the decision in a state court pursuant to M.G.L. ch. 30A, § 14.

## III. Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis*, D. 13, is GRANTED.

2. The motion for discovery, D. 12, is DENIED.

3. The Court DISMISSES this action without prejudice for failure to state a claim upon which relief may be granted.

**SO ORDERED.**

/s/ Myong J. Joun
Myong J. Joun
United States District Judge

Dated: October 6, 2026